# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juana Moore,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　　Defendant. | No. CV-22-00550-TUC-RM<br><br>**ORDER** |

On November 16, 2023, Magistrate Judge Jacqueline Rateau issued a Report and Recommendation (Doc. 27), recommending that this Court reverse the decision of the Commissioner of Social Security and remand this matter to the agency for further administrative proceedings. No objections to the Report and Recommendation were filed.

On February 14, 2024, Plaintiff filed a Motion for Attorney Fees. (Doc. 28.) Plaintiff requests an award of $7,102.97 in attorney fees and $402 in costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a), (d). (*Id.*) Plaintiff supports the Motion with timesheets reflecting attorney and paralegal work performed on this case. (Doc. 28-2.) The Commissioner does not object to the Motion. (Doc. 29.)

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is

filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for clear error unobjected-to portions of Report and Recommendation).

The Court has reviewed Magistrate Judge Rateau's Report and Recommendation, the parties' briefs, and the record. The Court finds no error in Magistrate Judge Rateau's Report and Recommendation. Accordingly, the Court will accept and adopt the Report and Recommendation. The Court finds Plaintiff's requested attorney's fees reasonable and permissible under the EAJA, and will accordingly grant Plaintiff's unopposed Motion for Attorney Fees.

**IT IS ORDERED** that the Report and Recommendation (Doc. 27) is **accepted and adopted in full**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 24) is **granted**. The decision of the Commissioner of Social Security is **reversed**, and this matter is **remanded** to the Commissioner for further administrative proceedings consistent with the Report and Recommendation (Doc. 27). The Clerk of Court shall enter judgment accordingly and close this case.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 28) is **granted**.  Plaintiff Juana Moore is awarded attorney fees in the amount of $7,102.97 under the EAJA, 28 U.S.C. § 2412(d), and costs in the amount of $402.00 under 28 U.S.C. § 1920.  If Plaintiff has no debt subject to offset under the United States Department of the Treasury's Offset Program, payment shall be made via check made payable to Plaintiff's attorney.  *See Astrue v. Ratliff*, 560 U.S. 586, 591-98 (2010).  If Plaintiff has a debt subject to offset, then the check for any remaining funds after offset of the debt shall be made to Plaintiff and mailed to Plaintiff's attorney's office.  This award is made without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

Dated this 23rd day of February, 2024.

_____
Honorable Rosemary Márquez
United States District Judge